IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAPST LICENSING GmbH & Co. KG, | § § | |
| Plaintiff, | § § | Civil Action No. 08-cv-2510 |
| v. | § § | Judge Der-Yeghiayan |
| NIKON CORPORATION, NIKON AMERICAS INC. and NIKON INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

### ANSWER AND AFFIRMATIVE DEFENSES OF NIKON AMERICAS INC.

Defendant Nikon Americas Inc. ("NAI"), answers the Amended Complaint For Patent Infringement ("Complaint") filed by Papst Licensing GmbH & Co. KG ("Papst") as follows:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction (federal question) of Papst Licensing's patent infringement claims pursuant to 28 U.S.C. §1331 and 1338(a) because this action arises under the patent laws of the United States. 35 U.S.C. §§ 1, *et seq*.

**ANSWER**: NAI admits that Papst has brought what purports to be claims for patent infringement under the United States Patent Laws, 35 U.S.C. § 1, *et seq.* and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies that those claims have merit.

2.  Venue is proper in the District of Illinois pursuant to 28 U.S.C. §§ 1391(c), 1391(d) and 1400(b).

**ANSWER**: NAI denies the allegations in paragraph 2 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 2 of the Complaint that relate to other defendants.

3. Papst Licensing is a company existing under the laws of The Federal Republic of Germany with its principal place of business headquartered at Bahnofstrasse 33, 78112 St. Georgen, Germany.

**ANSWER**: NAI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies such allegations.

4. Upon information and belief, Nikon is located at Fuji Building, 2-3 Marunouchi 3-chome, Chiyoda-ku, Tokyo, Japan.

**ANSWER**: NAI is not required to respond to the allegations in paragraph 4 of the Complaint that relate to other defendants.

5. Upon information and belief, Nikon Americas is a corporation organized and existing under the laws of the State of Delaware and is located at 1300 Walt Whitman Road, Melville, NY 11747. Upon information and belief Nikon, Inc. is a corporation organized and existing under the laws of the State of New York and has its headquarters located at 1300 Walt Whitman Road, Melville, NY 11747.

**ANSWER**: NAI admits that it is a corporation incorporated under the laws of the State of Delaware having its principal place of business at 1300 Walt Whitman Road, Melville, NY 11747. NAI is not required to respond to the allegations in paragraph 5 of the Complaint that relate to other defendants.

6.      Upon information and belief, Nikon is a multinational corporation having an established and on-going business throughout the United States, and particularly, transacts business in this district through Nikon Americas and Nikon, Inc.  Nikon, Inc. regularly transacts business in this district and maintains a branch office in this district located at 8120 Lehigh Avenue, Morton Grove, Illinois 60053.

**ANSWER**:    NAI denies the allegations in paragraph 6 of the Complaint that relate to NAI.  NAI is not required to respond to the allegations in paragraph 6 of the Complaint that relate to other defendants.

7.      Upon information and belief, Nikon is the ultimate parent company of Nikon Americas which in turn is the ultimate domestic parent company of Nikon, Inc.

**ANSWER**:    NAI admits that Nikon Corporation is its parent corporation and that NAI is the parent corporation of Nikon Inc.  NAI denies any remaining allegations in paragraph 7 of the Complaint.

## FACTS GIVING RISE TO THIS ACTION

8.      The patents listed in Paragraphs Nos. 9 and 10 below cover, *inter alia*, various aspects of digital cameras.  Unless otherwise specified, the said patents are collectively referred to hereinafter as the "Patents in Suit."  Papst Licensing is the lawful owner, by assignment, of the entire right, title, and interest in and to each and every one of the Patents in Suit.

**ANSWER**:    NAI denies that U.S. Patent No. 6,470,399 ("the '399 patent") and U.S. Patent No. 6,895,449 ("the '449 patent") cover various aspects of digital cameras.  NAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and, therefore, denies such allegations.

9. United States Patent No. 6,470,399 B1 duly and legally issued on October 22, 2002.

**ANSWER**: NAI admits that U.S. Patent No. 6,470,399 issued on October 22, 2002. NAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and, therefore, denies such allegations.

10. United States Patent No. 6,895,449 B2 duly and legally issued on May 17, 2005.

**ANSWER**: NAI admits that U.S. Patent No. 6,895,449 issued on May 17, 2005. NAI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and, therefore, denies such allegations.

11. Upon information and belief the Nikon Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

**ANSWER**: NAI denies the allegations in paragraph 11 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 11 of the Complaint that relate to other defendants.

12. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the Nikon Defendants have actively induced others and/or contributed to the infringement of the Patents in Suit.

**ANSWER**: NAI denies the allegations in paragraph 12 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 12 of the Complaint that relate to other defendants.

13. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support that the Nikon Defendants committed the acts of infringement described herein willfully.

**ANSWER**: NAI denies the allegations in paragraph 13 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 13 of the Complaint that relate to other defendants.

14. Papst Licensing has given written notice of infringement to the Nikon Defendants.

**ANSWER**: NAI denies the allegations in paragraph 14 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 14 of the Complaint that relate to other defendants.

15. Upon information and belief, the Nikon Defendants have been and still are committing the acts of infringement described herein and will continue to do so unless enjoined by this Court.

**ANSWER**: NAI denies the allegations in paragraph 15 of the Complaint that relate to NAI. NAI is not required to respond to the remaining allegations in paragraph 15 of the Complaint that relate to other defendants.

## NAI'S AFFIRMATIVE DEFENSES

In addition to the defenses below, NAI expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

1. NAI has not directly infringed, contributorily infringed or induced infringement of, and does not directly infringe, contributorily infringe or induce infringement of any claim of the '399 or '449 patents.

## SECOND AFFIRMATIVE DEFENSE

2.  One or more claims of the '399 and '449 patents are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

3.  By reason of the prosecution before the United States Patent and Trademark Office ("PTO") leading to, concurrently with, and/or following the issuance of the '399 and '449 patents, and by reason of statements and admissions made by or on behalf of the applicant, Papst is estopped from claiming infringement by NAI of one or more of the claims of the '399 and '449 patents.

## FOURTH AFFIRMATIVE DEFENSE

4.  To the extent Papst and/or any licensee(s) failed to properly mark or give notice to NAI under 35 U.S.C. § 287(a), Papst is precluded, or at least limited, from collecting damages from NAI.

## FIFTH AFFIRMATIVE DEFENSE

5.  Papst's claims are barred in whole or in part by the doctrines of equitable estoppel, waiver, laches and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

6.  Papst is not entitled to injunctive relief at least because any alleged injury to Papst is not immediate or irreparable, and Papst has an adequate remedy at law.

## NAI'S JURY DEMAND

NAI hereby demands a trial by jury on all issues so triable in this case.

## NAI'S PRAYER FOR RELIEF

WHEREFORE, NAI respectfully requests that:

A.    Papst take nothing by virtue of the Complaint;

B.    the Complaint be dismissed with prejudice;

C.    the Court declare this case exceptional and award NAI its costs, expenses and attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

D.    the Court award NAI such other and further relief as the Court may deem just and proper.


Dated: May 28, 2008                                    Respectfully submitted,

/s/   Marc S. Blackman
David L. Witcoff
Illinois State Bar No. 6183629
dlwitcoff@jonesday.com
Marc S. Blackman
Illinois State Bar No. 6236719
msblackman@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
Telephone: 312-782-3939
Facsimile: 312-782-8585

**ATTORNEYS FOR DEFENDANT
NIKON AMERICAS INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

> James P. White
> Jerold B. Schnayer
> John L. Ambrogi
> Welsh & Katz, Ltd.
> 120 South Riverside Plaza
> 22nd Floor
> Chicago, Illinois 60606

> s/ Marc S. Blackman
> One of the Attorneys for Defendant
> Nikon Americas Inc.